**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| Jane Roe and James Roe, Individually, and as parents, natural guardians, and next friend of minor child, John Doe,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Singleton Investment Properties, LLC, Whetstone Academy, LLC, and John Singleton,<br><br>　　　　　　　　　　Defendants. | C.A. No.:  8:25-cv-00318-BHH<br><br><br>**PLAINTIFFS' LOCAL RULE**<br>**RULE 26.03 DISCLOSURES** |

Plaintiffs Jane Roe and James Roe, Individually, and as parents, natural guardians, and next friend of minor child, John Doe hereby submit their Local Rule 26.03 Responses as follows:

**(A)(1) A short statement of the facts of the case**.

Jane Roe and James Roe, acting individually and as guardians of their minor child John Doe, have filed this lawsuit against Singleton Investment Properties, LLC, Whetstone Academy, LLC, and John Singleton.  The case involves allegations of negligence, abuse, and breach of contract related to John Doe's time at Whetstone Academy, a therapeutic boarding school in South Carolina. John Doe attended Whetstone Academy from September 2024 to November 2024, during which he was subjected to repeated sexual assaults by another resident.  The defendants failed to provide adequate supervision and care, despite being aware of previous incidents of abuse at the facility.  John Doe suffered emotional and psychological harm suffered and Jane Roe and James Roe have a necessaries claim due to the defendants' actions and inactions.  The Plaintiffs seek damages for negligence, violation of the Unfair Trade Practices Act, civil conspiracy, breach of contract, and necessaries claim.

**(A)(2) The name of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

1. Jane Roe and James Roe

   Jane Roe and James Roe are expected to testify concerning the abuse John Doe sustained at Whetstone Academy and the damages John Doe, Jane Roe and James Roe have sustained as a result of the Defendants' negligence.

2. John Singleton
   Jason LNU at this time (staff)
   Justin LNU at this time (staff)
   Tyler LNU at this time (staff)
   Andrea LNU at this time (therapist)
   Whetstone Academy

   Whetstone Academy witnesses listed herein are expected to testify concerning their knowledge of Plaintiffs' allegations set forth in the Complaint.

3. Whetstone Academy 30(b)(6) witness(es)

4. Dr. Kristin Kaminski, Psy.D.
   Support for your Life

   Dr. Kaminski is expected to testify concerning her counseling and therapy treatment of John Doe as a result of the damages he and his parents sustained.

5. The Plaintiffs reserve their right to disclose other witnesses as the case progresses and their identities become known.

6. Any witnesses identified by Defendant or identified in discovery undertaken pursuant to the Federal Rules of Civil Procedure.

**(A)(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Plaintiffs have not retained expert witnesses at this time. Plaintiffs' will identify expert witnesses and their reports by the deadline set forth in the Amended Scheduling Order.

**(A)(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.**

The Plaintiffs, Jane Roe and James Roe, have brought several claims against Singleton Investment Properties, LLC, Whetstone Academy, LLC, and John Singleton:

1. General Negligence/Non-Medical**:**

    The defendants failed to protect John Doe from abuse, properly supervise residents, and implement adequate policies and procedures.

    Under South Carolina common law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger. We have recognized five exceptions to this rule: (1) where the defendant has a special relationship to the victim; (2) where the defendant has a special relationship to the injurer; (3) where the defendant voluntarily undertakes a duty; (4) where the defendant negligently or intentionally creates the risk; and (5) where a statute imposes a duty on the defendant. Faile v. S.C. Dept. of Juvenile Justice, 350 S.C. 315, 334, 566 S.E.2d 536, 546 (2002) (listing cases and authority supporting each proposition). An affirmative legal duty may be created by statute, a contractual relationship, status, property interest, or some other special circumstance. Jensen v. Anderson County Dept. of Soc. Servs., 304 S.C. 195, 199, 403 S.E.2d 615, 617 (1991); Miller v. City of Camden, 317 S.C. 28, 33–34, 451 S.E.2d 401, 404 (Ct.App.1994). Moreover, it has long been the law that one who assumes to act, even though under no obligation to do so, thereby becomes obligated to act with due care. Sherer v. James, 290 S.C. 404, 406, 351 S.E.2d 148, 150 (1986); Roundtree Villas Assn. v. 4701 Kings Corp., 282 S.C. 415, 423, 321 S.E.2d 46, 50–51 (1984); Miller, 317 S.C. at 33–34, 451 S.E.2d at 404.

    The factfinder may consider relevant standards of care from various sources in determining whether a defendant breached a duty owed to an injured person in a negligence case. The standard of care in a given case may be established and defined by the common law, statutes, administrative regulations, industry standards, or a defendant's own policies and guidelines. See e.g. Steinke v. S.C. Dept. of Labor, Licensing & Regulation, 336 S.C. 373, 387–89, 520 S.E.2d 142, 149–50 (1999) (affirmative legal duty may be created by statute which establishes the standard of care); Clifford v. Southern Ry. Co., 87 S.C. 324, 69 S.E. 513 (1910) (statute may create special duty of care and breach of that statute may constitute negligence per se); Peterson v. Natl. R.R. Passenger Corp., 365 S.C. 391, 397, 618 S.E.2d 903, 906 (2005) (although federal regulations provided standard of care, internal policies of company which owned the line of track and railroad which owned the train were not preempted by federal law, and company's and railroad's deviation from own internal policies was admissible as evidence they deviated from standard of care, thus breaching duty owed to plaintiff, in

lawsuit brought by plaintiff injured in train derailment); Elledge v. Richland/Lexington School Dist. Five, 352 S.C. 179, 186, 573 S.E.2d 789, 793 (2002) (general rule is that evidence of industry safety standards is relevant to establishing the standard of care in a negligence case); Tidwell v. Columbia Ry., Gas & Elec. Co., 109 S.C. 34, 95 S.E. 109 (1918) (relevant rules of a defendant are admissible in evidence in a personal injury action regardless of whether rules were intended primarily for employee guidance, public safety, or both, because violation of such rules may constitute evidence of a breach of the duty of care and the proximate cause of injury); Caldwell v. K–Mart Corp., 306 S.C. 27, 31–32, 410 S.E.2d 21, 24 (Ct.App.1991) (when defendant adopts internal policies or self-imposed rules and thereafter violates those policies or rules, jury may consider such violations as evidence of negligence if they proximately caused a plaintiff's damages); Steeves v. U.S., 294 F.Supp. 446, 455 (D.S.C.1968) (violation of a rule or regulation which is designed primarily for the safety of hospital patients will constitute negligence if the violation proximately results in the injury); Restatement (Second) of Torts § 285 (1965) (standards of conduct of reasonable man may be established by statute, regulation, court's interpretation of statute or regulation, judicial decision, or as determined by trial judge or jury under facts of a case).

In order to establish a claim for negligence, a plaintiff must show "(1) defendant owes a duty of care to the plaintiff; (2) defendant breached the duty by a negligent act or omission; (3) defendant's breach was the actual or proximate cause of the plaintiff's injury; and (4) plaintiff suffered an injury or damages." Doe v. Marion, 373 S.C. 390, 400, 645 S.E.2d 245, 250 (2007). "An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff." Bishop v. S.C. Dep't of Mental Health, 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998).

In <u>Madison ex rel. Bryant v. Babcock Center, Inc.</u>, the court held that a private entity providing care to residents of treatment facility has a duty to exercise reasonable care in supervising and providing appropriate care and treatment to the client.  <u>Madison ex rel. Bryant v. Babcock Center, Inc.</u>, 371 S.C. 123, 638 S.E.2d 650 (2006).

To establish negligence in a premises liability action, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) defendant's breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Singleton v. Sherer, 377 S.C. 185, 200, 659 S.E.2d 196, 204 (Ct.App.2008). "The nature and scope of duty in a premises liability action, if any, is determined based upon the status or classification of the person injured at the time of his or her injury." Id. South Carolina recognizes four general classifications of persons present on the property of another: adult trespassers, invitees, licensees, and children. Id.

2. Unfair Trade Practices Act**:**

The defendants engaged in deceptive practices by misrepresenting the safety and care provided at Whetstone Academy.

An unfair trade practice has been defined as a practice which is offensive to public policy or which is immoral, unethical, or oppressive. Young v. Century Lincoln–Mercury, Inc., 302 S.C. 320, 396 S.E.2d 105 (Ct.App.1989), aff'd in part, rev'd in part on other grounds, 309 S.C. 263, 422 S.E.2d 103 (1992). A deceptive practice is one which has a tendency to deceive. Id. "Even a truthful statement may be deceptive if it has a capacity or tendency to deceive." Id. at 326, 396 S.E.2d at 108.

Whether an act or practice is unfair or deceptive within the meaning of the UTPA depends upon the surrounding facts and the impact of the transaction on the marketplace. *270 Id. "The [UTPA] should not be construed to increase a plaintiff's burden of proving liability since its purpose is to give additional protection to victims of unfair trade practices, not to make a case harder to prove than it would be under common law principles." Id. at 326, 396 S.E.2d at 108.

To be actionable under the UTPA, the unfair or deceptive act or practice must have an impact upon the public interest. Haley Nursery Co. v. Forrest, 298 S.C. 520, 381 S.E.2d 906 (1989). "An unfair or deceptive act or practice has an impact upon the public interest if the act or practice has the potential for repetition." Id. at 524, 381 S.E.2d at 908.

There are two general ways to demonstrate the potential for repetition: (1) by showing the same kind of actions that occurred in the past, thus making it likely the actions will continue absent some deterrence, or (2) by showing the company's procedures create a potential for repetition of the unfair and deceptive acts. Crary v. Djebelli, 329 S.C. 385, 496 S.E.2d 21 (1998). These are not the only means of showing the potential for repetition, however, and each case must be evaluated on its own merits. Daisy Outdoor Adver. Co. v. Abbott, 322 S.C. 489, 497, 473 S.E.2d 47, 51 (1996).

South Carolina Unfair Trade Practices Act (S.C. Code Ann. § 39-5-10 et seq.)**:** Prohibits unfair or deceptive acts in trade or commerce.

3. Civil Conspiracy**:**

The defendants conspired to hide the history of sexual abuse at Whetstone Academy, preventing parents from making informed decisions.

A plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in

furtherance of the agreement, and (4) damages proximately resulting to the plaintiff.9 See Charles II, 199 S.C. at 176, 18 S.E.2d at 727; Charles I, 192 S.C. at 101, 5 S.E.2d at 472; see also 16 Am. Jur. 2d Conspiracy § 53 (2020) (enumerating the prevailing elements of a claim for civil conspiracy recognized in most jurisdictions); 15A C.J.S. Conspiracy § 4 (2012) (same).

The requisite elements [for civil conspiracy] are: (1) a combination between two or more persons; (2) to do a criminal or an unlawful act, or a lawful act by criminal or unlawful means; (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object; (4) which act results in damage to the plaintiff."). Paradis v. Charleston County School District, 433 S.C. 562, 861 S.E.2d 774 (2021)

4. Breach of Contract**:**

Whetstone Academy breached its agreement to provide adequate care and supervision for John Doe.

The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach. Fuller v. E. Fire & Cas. Ins. Co., 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962). "The general rule is that for a breach of contract the defendant is liable for whatever damages follow as a natural consequence and a proximate result of such breach." Id. Rescission is an undoing of a contract from the beginning, as if the contract had never existed. Ellie, Inc. v. Miccichi, 358 S.C. 78, 95, 594 S.E.2d 485, 494 (Ct.App.2004). "In a breach of contract action, damages serve to place the nonbreaching party in the position he would have enjoyed had the contract been performed." S.C. Fed. Sav. Bank v. Thornton–Crosby Dev. Co., 303 S.C. 74, 77, 399 S.E.2d 8, 10 (Ct.App.1990).

5. Necessaries Claim**:**

The plaintiffs seek compensation for the medical and life care expenses incurred due to the defendants' actions.

The parents of an injured child have the right to bring an action against the tortfeasor for expenses incurred in caring for the child. 59 Am.Jur. Parent and Child § 97 (1987); Restatement, Torts 2d § 703. Endres v. Greenville Hosp. System, 312 S.C. 644, 39 S.E.2d 261(1993)

Under South Carolina law, parental responsibilities include the legal obligation to pay for a child's medical expenses. S.C. Code Ann. §§ 63-5-20 & -30 (2010). Because of that obligation, a parent owns a substantive right to recover damages for those expenses. Patton v. Miller, 420 S.C. 471, 804 S.E.2d 252 (2017).

**(A)(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.):**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**

A First Amended Scheduling Order filed on April 2, 2025 provides the expert disclosure deadline for Plaintiffs of January 5, 2026 and Defendants deadline of February 4, 2026.

**(b) Completion of discovery.**

A First Amended Scheduling Order filed on April 2, 2025 provides the discovery completion deadline of June 8, 2026.

**(A)(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civil Rule 16.02(C) (Content of Scheduling Order).**

None.

**(A)(7) Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

None.

By: s/S. Randall Hood  
S. Randall Hood, Fed ID No. 6103  
Ashley Creech, Fed. Id No. 10346  
McGOWAN, HOOD, FELDER AND PHILLIPS, LLC  
1539 Health Care Drive  
Rock Hill, SC 29732  
Telephone: (803) 327-7800  
rhood@mcgowanhood.com  
acreech@mcgowanhood.com  

Attorneys for Plaintiffs

Rock Hill, South Carolina  
April 10, 2025