UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| JANE ROE AND JAMES ROE, INDIVIDUALLY, AND AS PARENTS, NATURAL GUARDIANS, AND NEXT FRIEND OF MINOR CHILD, JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>SINGLETON INVESTMENT PROPERTIES, LLC, WHETSTONE ACADEMY, LLC, AND JOHN SINGLETON,<br><br>Defendants | Civil Action No. 8:25-cv-00318-BHH<br><br>**DEFENDANTS WHETSTONE ACADEMY LLC'S AND JOHN SINGLETON'S LOCAL RULE 26.03 DISCLOSURES** |

Defendants Whetstone Academy, LLC and John Singleton (hereinafter collectively referred to as "Defendants") hereby submit their Local Rule 26.03 Responses as follows:

(A)(1) A short Statement of the facts of the case.

**RESPONSE: Jane Roe and James Roe, acting individually and as guardians of their minor child John Doe, have filed this lawsuit against Singleton Investment Properties, LLC, Whetstone Academy, LLC, and John Singleton. Plaintiff child was allegedly a student at Whetstone Academy, which is a therapeutic boarding school. The complaint alleges that Plaintiff child was subjected to repeated sexual assaults by another resident at the school. The Complaint further alleges that the faculty and staff of Defendants failed to provide adequate supervision and care, despite being aware of previous incidents of abuse at the facility. As a result of the alleged misconduct, Plaintiffs allege that Plaintiff child suffered emotional and**

psychological harm and Plaintiff parents have a necessaries claim. Plaintiffs seek damages under theories of negligence, violation of the Unfair Trade Practices Act, civil conspiracy, breach of contract, and necessaries claim.

Defendants filed a timely answer denying liability and asserting the following affirmative defenses: Lack of notice; lack of duty; comparative negligence; third-party negligence; assumption of risk; intervening and superseding negligence/causation; sole negligence of plaintiff; third-party action over whom Defendants had no control; sole intentional criminal act of third-party; statutory cap on punitive damage; failure to mitigate damages; limitations on punitive damages award; and failure to state a claim.

(A)(2) The name of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

RESPONSE:

1.   **John Singleton**

John Singleton is the CEO of Whetstone.

2.   **Representative(s) of the South Carolina Department of Social Services**

Plaintiff alleges DSS investigated various claims and allegations arising out of Defendants school.

3.   The Defendants reserve their right to disclose other witnesses as the case progresses and their identities become known.

4.   Any witnesses identified by Plaintiff or identified in discovery undertaken pursuant to the Federal Rules of Civil Procedure.

(A)(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE: Defendants have not retained expert witnesses at this time. Defendants' will identify expert witnesses and their reports by the deadline set forth in the Amended Scheduling Order.**

(A)(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE:**

**The Defendants, Singleton Investment Properties, LLC, and Whetstone Academy, LLC, have asserted the following defenses against the claims brought by Jane Roe and James Roe:**

**1.      Lack of Notice:**

**Defendants assert the affirmative defense of lack of notice. The Defendants never received notice of any misconduct regarding Plaintiffs' allegations.**

**2.      Lack of Duty:**

**Defendants assert the affirmative defense of a lack of duty. To establish a viable cause of action under a negligence theory in South Carolina, a Plaintiff must prove the following: (1) a duty owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) that breach was the actual and proximate cause of the injury; and (4) the plaintiff suffered an injury or damages.** *Shipes v. Piggly Wiggly St. Andrews, Inc.***, 269 S.C. 479, 238 S.E.2d 167 (1997). Defendants contend that Plaintiffs have failed to plead evidence sufficient to support a finding of a duty imposed on Defendants, if any, exists.**

**3.      Comparative Negligence:**

**Defendants assert the affirmative defense of Comparative Negligence. Defendants reference as legal authority the South Carolina Supreme Court decisions in** *Nelson v. Concrete Supply Co.***, 303 S.C. 243, 399 S.E.2d 783 (1991);** *Berberich v. Jack***, 392 S.C. 278, 709 S.E.2d 607 (2011).**

4. **Third-Party Negligence:**

Defendants assert the affirmative defense of Third-Party Negligence (i.e. no negligence attributable to Defendants). Defendants reference as legal authority the South Carolina Supreme Court's decision in *Morris v. Mooney*, 288 S.C. 477, 343 S.E.2d 442 (1986).

5. **Assumption of Risk:**

Defendants assert the affirmative defense of assumption of risk. Defendants reference as legal authority the South Carolina Court of Appeals Decision in *Singleton v. Sherer*, 377 S.C. 185, 659 S.E.2d 196 (Ct. App. 2008).

6. **Intervening and Superseding Negligence/Causation:**

Defendants assert the affirmative defense of intervening and superseding negligence. Defendants reference as legal authority the South Carolina Supreme Court's decisions in *Lollar v. Dewitt*, 255 S.C. 452, 179 S.E.2d 607 (1971); *Claytor v. General Motors Corp.*, 277 S.C. 259, 286 S.E.2d 129 (1982); *Young v. Tide Craft, Inc.*, 270 S.C. 453, 242 S.E.2d 671 (1978); *Bishop v. South Carolina Dep't of Mental Health*, 331 S.C. 79, 502 S.E.2d 78 (1998); *Matthews v. Porter*, 239 S.C. 620, 124 S.E.2d 321 (1962).

7. **Sole Negligence of Plaintiff:**

Defendants assert the affirmative defense of sole negligence of plaintiffs. To establish a viable cause of action under a negligence theory in South Carolina, a Plaintiff must prove the following: (1) a duty owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) that breach was the actual and proximate cause of the injury; and (4) the plaintiff suffered an injury or damages. *Shipes v. Piggly Wiggly St. Andrews, Inc.*, 269 S.C. 479, 238 S.E.2d 167 (1997).

8. **Third-Party action over whom Defendants had no control:**

Defendants assert the affirmative defense of a third-party action over whom Defendants had no control. Defendants reference as legal authority the South Carolina Supreme Court decision in *Young v. Tide Craft, Inc.*, 270 S.C. 453, 242 S.E.2d 671 (1978) and the legal authority found in the South Carolina Court of Appeals decision *Small v. Pioneer Machinery, Inc.*, 316 S.C. 479, 450 S.E.2d 609 (Ct. App. 1994).

9.      **Sole Intentional Criminal Act of Third Party:**

**Defendants assert the affirmative defense of sole intentional criminal act of third party. Defendants reference as legal authority the South Carolina Supreme Court decision in *Munn v. Hardee's Food Sys., Inc.*, 274 S.C. 529, 266 S.E.2d 414, 414 (1980) (explaining that a property owner or operator "is generally not charged with the duty of protecting its [invitees] against criminal acts of third parties when it did not know or have reason to know that such acts were occurring or about to occur").**

10.     **Statutory Cap on Punitive Damages:**

**Defendants assert the affirmative defense placing a statutory cap on any punitive damages award. Specifically, Defendants reference statutory caps imposed on punitive damages pursuant to S.C. Code Ann. § 15-32-530.**

11.     **Failure to Mitigate Damages:**

**Defendants assert the affirmative defense of failure to mitigate. Defendants reference as legal authority the South Carolina Supreme Court's decision in *Bourne Supply Co., Inc. v. Southeastern Freight Lines*, 259 S.C. 139, 191 S.E.2d 4 (1972).**

12.     **Limitations on Punitive Damages Award:**

**Defendants assert the affirmative defense of limitations regarding the determination and/or enforceability of punitive damages awards. Defendants reference statutory limitations imposed on punitive damage awards pursuant to S.C. Code Ann. § 15-32-530. In addition, Defendants reference legal authority in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1966); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003). Defendants has asserted that the award of punitive damages in this case would violate the Fifth, Sixth, and Fourteenth Amendments to the Unites States Constitution and similar provisions of the South Carolina Constitution. Punitive damages, as currently awarded in South Carolina, violate the United States Constitution and South Carolina Constitution, as well as the holding of *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003), and the cases upon which it is based.**

**Pursuant to *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 522 U.S. 424 (2001), if punitive damages are recoverable, which is denied, the amount of punitive damages are "not really a fact tired by the jury" therefore Plaintiff's request for punitive damages "to be determined by the jury" violates the United States Constitution.**

**The U.S. Constitution's Due Process Clause "forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly [do not] represent," *Phillip Morris USA v. Williams*, 127 S.**

5

**Ct. 1057, 1063 (U.S. 2007), and, therefore, to the extent that Plaintiffs seek an award of punitive damages for potential or speculative harm to non-parties to the present action, such prayer for relief is unconstitutional and must be struck from the pleadings and is otherwise inadmissible at trial.**

**Notwithstanding Defendants' prior defenses incorporating *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 522 U.S. 424 (2001) and *State Farm Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and the cases upon which they are based, in the event the trial court permits the jury to return a punitive damages award in the instant case, such damages are limited to an amount that is no greater than the jury's award of actual damages, as explicated within *Exxon Shipping Company v. Baker*, 128 S. Ct. 2605 (2008).**

**13.     Failure to State a Claim:**

**Defendants assert the affirmative defense of failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and interpreting legal authority. *See also Lambeth v. Bd. of Commissioners*, 407 F.3d 266, 268 (4th Cir. 2005).**

**Defendants reserve the right to rely upon additional statutory and/or case law as discovery is ongoing.**

(A)(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.):

(a) Exchange of Fed R. Civ. P. 26(a)(2) expert disclosures; and

**RESPONSE: A First Amended Scheduling Order filed on April 2, 2025 provides the expert disclosure deadline for Plaintiffs of January 5, 2026 and Defendants deadline of February 4, 2026.**

(b) Completion of discovery.

**RESPONSE: A First Amended Scheduling Order filed April 2, 2025 provides the discovery completion deadline of June 8, 2026.**

(A)(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order. *See generally* Local Rule 16.02(C) (Content of Scheduling Order).

**RESPONSE: Discovery, both deposition and document, will need to be taken from witnesses and entities located in California, South Carolina, and potentially other states. Additionally, subpoena practice to the South Carolina Department of Social Services will be involved which the Defendants anticipate mat result in motions practice.**

(A)(7) Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**RESPONSE: None.**

                              MCANGUS GOUDELOCK & COURIE, LLC

                              *s/Michael M. Trask*  
                              Michael Trask  
                              Fed. ID No. 103120  
                              James Edward Fant  
                              Fed. ID. No. 14321  
                              1320 Main Street, 10th Floor  
                              Columbia, South Carolina 29201  
                              Phone: (803) 227-4910  
                              Fax: (803) 748-0526  
                              Email: michael.trask@mgclaw.com

                              ATTORNEYS FOR WHETSTONE ACADEMY,  
                              LLC AND JOHN SINGLETON

Columbia, South Carolina  
April 29, 2025