# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### ANDERSON DIVISION

| | |
|---|---|
| Jane Roe and James Roe, individually and as parents, natural guardians, and next friend of minor child, John Doe,<br><br>     Plaintiffs,<br><br>vs.<br><br>Singleton Investment Properties, LLC, Whetstone Academy, LLC, and John Singleton,<br><br>     Defendants. | C/A No. 8:25-cv-00318-BHH<br><br>**ANSWER OF DEFENDANT SINGLETON INVESTMENT PROPERTIES, LLC TO COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Defendant Singleton Investment Properties, LLC (hereinafter "SIP"), by and through the undersigned counsel, hereby answers the Complaint of Plaintiffs herein as follows:

**FOR A FIRST DEFENSE**
**(General Denial)**

1. Each and every paragraph of Plaintiffs' Complaint not hereinafter specifically admitted, qualified, or explained is denied.

2. SIP lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 1-2 and, therefore, denies the same.

3. The allegations of Paragraph 3 constitute a procedural statement and, therefore, require no response. To the extent a response is contemplated, SIP admits the allegations of Paragraph 3.

4. SIP lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 4-12 and demands strict proof thereof.

5. Answering the allegations of Paragraph 13, SIP admits that it is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Oconee County, South Carolina. Further answering, SIP would show it was not founded until March 8, 2019 and did not own the property until June 28, 2019.

6. SIP admits the allegations of Paragraph 14 upon information and belief.

7. SIP admits the allegations of Paragraphs 15-17.

8. SIP denies the allegations of Paragraph 18 and demands strict proof thereof.

9. SIP admits the allegations of Paragraph 19 upon information and belief.

10. SIP denies the allegations of Paragraph 20 as stated and demands strict proof thereof.

11. SIP admits the allegations of Paragraphs 21-22.

12. SIP denies the allegations of Paragraph 23 as stated and demands strict proof thereof.

13. The allegations of Paragraphs 24-25 state legal conclusions to which no response is required. To the extent a response is contemplated, the allegations of Paragraphs 24-25 are denied and strict proof thereof is demanded.

14. SIP denies the allegations of Paragraphs 26-28 as stated and demands strict proof thereof.

15. SIP denies the allegations of Paragraph 29 as stated and demands strict proof thereof.

16. SIP denies the allegations of Paragraph 30 as stated and demands strict proof thereof. Further answering, SIP would show it was not created until March 8, 2019 and did not own the property until June 28, 2019.

17. SIP denies the allegations of Paragraph 31 as stated and demands strict proof thereof.

18. SIP denies the allegations of Paragraph 32 and demands strict proof thereof.

19. The allegations of Paragraphs 33-37 state legal conclusions to which no response is required. To the extent a response is contemplated, the allegations of Paragraphs 33-37 are denied and strict proof thereof is demanded.

20. SIP denies the allegations of Paragraphs 38-46 and demands strict proof thereof.

21. The allegations of Paragraph 47 state legal conclusions to which no response is required. To the extent a response is contemplated, the allegations of Paragraph 47 are denied and strict proof thereof is demanded.

22. The allegations of Paragraph 48 state legal conclusions to which no response is required. To the extent a response is contemplated, the allegations of Paragraph 48 are denied and strict proof thereof is demanded.

23. SIP admits the allegations of Paragraph 49 upon information and belief.

24. The allegations of Paragraphs 50-58 state legal conclusions to which no response is response. To the extent a response is contemplated, SIP denies the allegations of Paragraphs 50-58 and demands strict proof thereof.

25. SIP denies the allegations of Paragraph 59 and demands strict proof thereof.

26. The allegations of Paragraphs 60-81 state legal conclusions to which no response is response. To the extent a response is contemplated, SIP denies the allegations of Paragraphs 60-81 and demands strict proof thereof.

27. SIP denies the allegations of Paragraphs 82-87 and demands strict proof thereof.

28. SIP denies the allegations of Paragraphs 88-109 and demands strict proof thereof. Further answering, SIP would show it was not founded until March 8, 2019 and did not own the property until June 28, 2019.

29. SIP admits the allegations of Paragraphs 110-111.

30. SIP denies the allegations of Paragraphs 112-159 and demands strict proof thereof.

31. The allegations of Paragraph 160 state a legal conclusion to which no response is response. To the extent a response is contemplated, SIP denies the allegations of Paragraph 160 and demands strict proof thereof.

32. Answering the allegations of Paragraph 161, SIP restates its responses to Paragraphs 1-160 of Plaintiffs' Complaint as if fully set forth herein.

33. SIP denies the allegations of Paragraphs 162-166 and demands strict proof thereof.

34. SIP denies the allegations of Paragraph 167 and its subparagraphs (a)-(u) and demands strict proof thereof.

35. SIP denies the allegations of Paragraph 168 and demands strict proof thereof.

36. Answering the allegations of Paragraph 169, SIP restates its responses to Paragraphs 1-168 of Plaintiffs' Complaint as if fully set forth herein.

37. SIP admits the allegations of Paragraph 170.

38. SIP denies the allegations of Paragraphs 171-174 and demand strict proof thereof.

39. SIP denies the allegations of Paragraph 175 and its subparagraphs (a) and (b) and demand strict proof thereof.

40. SIP denies the allegations of Paragraphs 176-177 and demands strict proof thereof.

41. Answering the allegations of Paragraph 178, SIP restates its responses to Paragraphs 1-177 of Plaintiffs' Complaint as if fully set forth herein.

42. SIP denies the allegations of Paragraphs 179-191 and demands strict proof thereof.

43. Answering the allegations of Paragraph 192, SIP restates its responses to Paragraphs 1-191 of Plaintiffs' Complaint as if fully set forth herein.

44. The allegations of Paragraphs 193-199 are directed to a defendant other than SIP and, therefore, require no response. To the extent a response is contemplated, SIP denies the allegations of Paragraphs 193-199 and demands strict proof thereof.

45. Answering the allegations of Paragraph 200, SIP restates its responses to Paragraphs 1-199 of Plaintiffs' Complaint as if fully set forth herein.

46. SIP denies the allegations of Paragraphs 201-202 and demands strict proof thereof.

47. SIP denies the allegations of Paragraph 203 and its subparagraphs (a)-(f) and demands strict proof thereof.

48. SIP denies the allegations of Paragraph 204 and its subparagraphs (a)-(h) and demands strict proof thereof.

49. SIP denies the allegations of Paragraph 205 and demands strict proof thereof.

50. The WHEREFORE Paragraph of Plaintiffs' Complaint is denied, including but not limited to any allegations which state that Plaintiffs are entitled to relief of any form from SIP.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

51. Plaintiffs' Complaint fails to state facts sufficient to constitute causes of action against SIP, and thus should be dismissed pursuant to SCRCP 12(b)(6).

## FOR A THIRD DEFENSE
### (Failure to Mitigate Damages)

52. Plaintiffs failed to mitigate their damages and all claims asserted by them should be either barred or reduced to the extent that they could have taken prompt and reasonable action to avoid the occurrence of the alleged damages.

## FOR A FOURTH DEFENSE
### (Comparative Negligence & Apportionment)

53. SIP, upon information and belief, alleges that any damages allegedly suffered by Plaintiffs, without admitting same to be true, were due to and caused entirely by the negligence of Plaintiffs, and that such is a complete bar to their recovery herein. Further, SIP, upon information and belief alleges that if Plaintiffs' negligence was less than SIP's negligence, that such should be compared to that negligence of SIP so as to apportion the relative fault as to each party.

## FOR A FIFTH DEFENSE
### (Acts or Omissions of Third-Party)

54. SIP, upon information and belief, alleges that any damages allegedly suffered by Plaintiffs, without admitting same to be true, are due to and caused by the sole acts/omissions or negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of Plaintiffs or its agents and were not caused by SIP, which sole negligence of Plaintiffs is a complete bar to their attempt to recover from SIP.

## FOR A SIXTH DEFENSE
### (Intervening Acts or Omissions)

55. SIP would allege that any damages, which are denied, are the result of an intervening act or omission of a third party.

## FOR A SEVENTH DEFENSE
### (Lack of Proximate Cause)

56. SIP, upon information and belief, alleges that any damages allegedly suffered by Plaintiffs, without admitting same to be true, were not proximately caused by Singleton Investment Properties, LLC, and that such is a complete bar to their recovery herein.

## FOR AN EIGHTH DEFENSE
### (South Carolina Fairness in Civil Justice Act, S.C. Code Ann. §§ 15-32-510, 520, 530, 540)

57. SIP asserts entitlement to all benefits, privileges, protections and limitations on any punitive damages award under the South Carolina Fairness in Civil Justice Act of 2011, as codified in S.C. Code Ann. §§15-32-510, 15-32-520, 15-32-530 and 15-32-540.

## FOR A NINTH DEFENSE
### (Opportunity to Conduct Investigation & Discovery)

58. SIP submits that it has not had an opportunity to conduct a complete investigation or to engage in adequate discovery regarding the circumstances of Plaintiffs' allegations. SIP intends to act as best it can to inform itself of the pertinent facts and prevailing circumstances surrounding any reported damage as alleged in Plaintiffs' Complaint and gives notice of its intent to assert any further defenses that its information gathering process may indicate are supported by fact and law. SIP thus reserves the right to amend this Answer and assert additional defenses.

## FOR A TENTH DEFENSE
### (Punitive Damages Protections)

59. SIP would further show that the imposition of punitive damages, if any are sought by Plaintiffs, would violate the rights of SIP under the common law of the State of South Carolina and the Constitutions of the United States and the State of South Carolina in that:

  a. An award of punitive damages would violate the rights of SIP to due process and equal protection of the laws, as guaranteed by the United States

        Constitution and its 14th Amendment, and equivalent protections afforded by the South Carolina Constitution;

b.     Plaintiffs' claim cannot be sustained because an award of such damages, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose and providing no protection against multiple awards for the same course of conduct, would violate SIP's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate SIP's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution, and would violate equivalent protections of the South Carolina constitution.

c.     South Carolina law provides no constitutionally adequate or meaningful standards to guide a jury in imposing a punitive award, or give to the public, including SIP, the reasonable and constitutionally required notice of the kind of conduct which may subject it to sanctions, or of the likely amount of such sanctions. Since scienter is an indispensable element of a criminal charge, SIP should not be subjected to the risk of punishment for an alleged offense as to which scienter is impossible because there are no ascertainable standards other than the arbitrary discretion of a jury;

d.     SIP states that the correct standard for submitting Plaintiffs' burden of proof for punitive damages is "clear and convincing evidence." Any lesser standard is in violation of the due process clause of the Fourteenth Amendment of the United States Constitution and equivalent protections of the South Carolina constitution.

e.     To the extent South Carolina law leaves the determination of the fact and amount of punitive damages to the arbitrary discretion of the trier of fact, without providing adequate or meaningful limits to the exercise of that discretion, this constitutes a taking without due process of law; and

f.     SIP specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 530 U.S. 408 (2003), and *Philip Morris v. Williams*, 127 S. Ct. 1057 (2007).

## FOR AN ELEVENTH DEFENSE
### (Setoff)

60. SIP submits that it is or may be entitled to a setoff or credit for any amount paid to Plaintiffs by any third party as compensation for the injuries and damages for which Plaintiffs seeks recovery herein.

## FOR A TWELFTH DEFENSE
### (SCUTPA – No Impact on Public Interest)

61. SIP would show that, as to Plaintiffs' claim for violation of the South Carolina Unfair Trade Practices Act, its conduct had no impact on the public interest, for which reason Plaintiff's Unfair Trade Practice claim should be dismissed.

## FOR A THIRTEENTH DEFENSE
### (SCUTPA – No Loss)

62. SIP denies the allegations against it brought by Plaintiffs under the South Carolian Unfair Trade Practices Act, but, even if such allegations were true, Plaintiffs' claim fails as a matter of law because Plaintiffs have neither suffered nor alleged any ascertainable loss of money or property, real or personal, as a result of SIP's alleged conduct as required by S.C. Code Ann. § 39-5-140.

## FOR A FOURTEENTH DEFENSE
### (SCUTPA – Otherwise Regulated)

63. Plaintiffs' Unfair Trade Practices Act claim is barred by S.C. Code § 39-5-40(a).

## FOR A FIFTEENTH DEFENSE
### (No Waiver of Additional Defenses)

64. SIP does not waive and does reserve all rights to raise any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

## FOR A SIXTEENTH DEFENSE
### (Insufficient Service of Process)

65. Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

## FOR A SEVENTEENTH DEFENSE
### (Reservation of Right to Assert Defenses Pled by Other Parties to Action)

66. SIP also hereby gives notice that it intends to rely on such other affirmative defenses pled by Plaintiffs or other parties in this matter and as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert such defenses.

SIP expressly reserves its right to amend this Answer, including the right to assert additional defenses, whether affirmative or otherwise, about which it presently lacks knowledge or information, but which may become available or apparent during the course of this litigation, through discovery, or other means.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, SIP prays that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

s/Gray T. Culbreath
Gray T. Culbreath, Fed. ID No. 5647
Gallivan, White & Boyd, P.A.
Post Office Box 7368
Columbia, SC 29202
gculbreath@gwblawfirm.com
(803) 779-1833

*Attorney for Defendant Singleton Investment Properties, LLC*

May 6, 2025